IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRACY T. YOSHIMURA, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>KEITH M. KANESHIRO, ETC., ET AL.,<br><br>　　　　Defendants. | CIVIL 18-00038 LEK-KJM |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION
OF THE COURT'S MAY 15, 2019 ORDER [DKT 121] ON THE
SOLE ISSUE OF WHETHER THE PDS MACHINES WERE
PREVIOUSLY ADJUDICATED TO BE GAMBLING DEVICES**

On May 15, 2019, this Court issued its Order Granting in Part and Denying in Part Defendant City & County of Honolulu's Motion for Summary Judgment and Granting in Part and Denying in Part Defendant Katherine Kealoha's and Defendant Keith M. Kaneshiro's Joinders ("5/15/19 Order"). [Dkt. no. 121.[1]] On June 12, 2019, Plaintiffs Tracy T. Yoshimura; Eugene M. Simeona, Jr.; Michael D. Miller, Jr.; Gary G. Danley, Jr.; Quentin D.R. Canencia; Desiree U. Haina; Michael A. Madali, Jr.; and Clayton Simeona (collectively "Plaintiffs"), filed their Motion for Reconsideration of the Court's May 15, 2019 Order [Dkt 121] on the Sole Issue of Whether the PDS Machines

---

[1] The 5/15/19 Order is also available at 2019 WL 2127293.

Were Previously Adjudicated to Be Gambling Devices ("Motion for Reconsideration"). [Dkt. no. 122.] On June 27, 2019, Defendant Katherine Kealoha ("Kealoha") filed her memorandum in opposition ("Kealoha Opposition"), and Defendants the City & County of Honolulu ("City") and Tommy Kong ("Kong") filed their memorandum in opposition to the Motion for Reconsideration ("City Defendants Opposition"). [Dkt. nos. 125, 126.] That same day, Defendant Keith M. Kaneshiro ("Kaneshiro") filed his joinder of simple agreement in both the Kealoha Opposition and the City Defendants Opposition. [Dkt. no. 127.] On July 11, 2019, Plaintiffs filed their reply. [Dkt. no. 129.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Plaintiffs' Motion for Reconsideration is hereby denied for the reasons set forth below.

## BACKGROUND

The parties are familiar with the factual and procedural history of this case, which is set forth in the 5/15/19 Order. See 5/15/19 Order, 2019 WL 2127293, at *2-4. Only facts relevant to the Motion for Reconsideration will be repeated here.

On December 13, 2018, the City filed its Motion for Summary Judgment ("Motion"), which sought summary judgment as to

all of Plaintiffs' claims, based on, *inter alia*, a settlement agreement entered into between the City and the plaintiffs in PJY Enterprises LLC, et al. v. Kaneshiro, et al., CV 12-00577 LEK-RLP ("PJY Lawsuit" and "CV 12-00577").[2] [Dkt. no. 58 at 2.] In addition, the City argued Plaintiffs' claims were barred by claim and/or issue preclusion, and the doctrines of promissory and/or equitable estoppel.[3] [Id.] In the 5/15/19 Order, the Court granted summary judgment in part in favor of the City as to: 1) Plaintiffs Eugene M. Simeona, Jr., Michael D. Miller, Jr., Gary G. Danley, Jr., Quentin D.R. Canencia, Desiree U. Haina, Michael A. Madali, Jr., and Clayton Simeona's claim for negligent hiring against Defendants Kaneshiro and the

---

[2] The plaintiffs in the PJY Lawsuit were: PJY Enterprises, LLC, Lucky G Enterprises, Inc., S L & G Investments, LLC, WZ Waikiki Partners, LLC, WZ Wahiawa Partners, LLC, PMG Entertainments, LLC, GS Entertainment, Inc., Desiree Haina, Eugene M. Simeona, Jr., Clayton Simeona, Aloha Arcade, Inc., Gary Danley, Quentin Canencia, Mike, Inc., and Michael Madali, Jr. (collectively "PJY Plaintiffs"). See CV 12-00577, Order Granting Defs.' Motion for Summary Judgment ("PJY Summary Judgment Order"), filed 4/30/14 (dkt. no. 164), at 2, *also available at* 2014 WL 12694456. The defendants were: Keith M. Kaneshiro, Louis M. Kealoha, both in their official capacities; Aaron Young and Scott Yip; and the Honolulu Police Department ("PJY City Defendants"). See PJY Summary Judgment Order, 2014 WL 12694456, at *1 & n.3 (noting service was not made on defendant Scott Yip as of April 30, 2014).

[3] The City also sought summary judgment on its counterclaims against Plaintiffs for breach of contract for their breach of the settlement agreement in the PJY Lawsuit, promissory and/or equitable estoppel claims. [Motion at 2-3.]

3

City; and 2) "the City's arguments regarding issue preclusion, insofar as Plaintiffs are barred from asserting that the [Products Direct Sweepstakes ("PDS")] terminals are not gambling devices." 2019 WL 2127293, at *14-15. The Motion was denied in all other respects. Id. at *15.

Plaintiffs' Motion for Reconsideration asks this Court to amend its ruling that they are barred by issue preclusion from advancing the argument that the PDS terminals are not gambling devices. See Motion for Reconsideration at 2-3. In particular, Plaintiffs challenge the Court's analysis from following passage in the 5/15/19 Order:

> [A]s to the City's contention that Plaintiffs are precluded from asserting the PDS terminals are not gambling machines, the Court agrees this issue was squarely litigated and finally decided in the PJY Summary Judgment Order, and affirmed by the Ninth Circuit. See 2014 WL 12694456 at *15, aff'd, 679 F. App'x 621. Thus, to the extent that Plaintiffs have alleged or attempt to argue that the PDS terminals are not gambling devices, they are barred by issue preclusion from advancing this argument in this matter.

2019 WL 2127293, at *14.

Plaintiffs argue this Court's prior ruling in the PJY Summary Judgment Order did not address the PDS terminals. Plaintiffs base their argument on the following passage from the PJY Summary Judgment Order:

> This Court emphasizes that it makes no findings or conclusions regarding the manner in which [the PJY] Plaintiffs, after the February 14, 2013

4

>              seizure, use or used terminals or machines that
>              are similar to the PDS terminals at issue in this
>              case. . . .  This Court finds that, at the time
>              of the seizures, the users of the PDS terminals
>              staked or risked the money that they deposited
>              into the terminals upon the outcome of the games
>              of chance.

[Motion for Reconsideration at 3 (quoting CV 12-00577, PJY Summary Judgment Order, 2014 WL 12694456, at *14).] Plaintiffs ask this Court to reconsider and modify the 5/15/19 Order by ruling that Plaintiffs are not barred by issue preclusion from arguing the PDS terminals are not gambling devices, but that issue preclusion bars Plaintiffs "from arguing that the promotion, at the time of the seizures, was not gambling, because that issue was previously litigated." Id. at 4.

**DISCUSSION**

**I.  Timeliness**

Plaintiffs initially assert the instant motion is brought pursuant to Fed. R. Civ. P. 59(e), [Motion for Reconsideration at 4,] which allows parties to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment," and permits the Court to reconsider and amend a previous order.  However, no final judgment has been entered in this action, therefore Rule 59(e) is inapplicable.  See Bank of Am., N.A. v. Goldberg, CIV. NO. 19-00076 LEK-KJM, 2019 WL 2374870, at *1 (D. Hawai`i June 5, 2019) (declining to apply

Rule 59(e) where no judgment was entered); Tongson v. Cty. of Maui, Civ. No. 05-00683 SOM/LEK, 2007 WL 313312, at *1 (D. Hawai`i Jan. 26, 2007) (citing Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 466-67 (9th Cir. 1989) ("Rule 59(e) clearly contemplates entry of judgment as a predicate to any motion.")). Further, because the 5/15/19 Order only granted partial summary judgment, it is not a final order that can be reconsidered under Fed. R. Civ. P. 60(b). See Rule 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a **final** judgment, order, or proceeding," (emphasis added)); Cabasug v. Crane Co., CIVIL NO. 12-00313 JMS/BMK, 2014 WL 12887739, at *6 (D. Hawai`i Feb. 7, 2014) ("'an order that adjudicates less than all claims' is not a final judgment" (quoting California ex rel. Cal. Dep't of Toxic Substances v. Campbell, 138 F.3d 772, 776-77 (9th Cir. 1998))).

To the extent Plaintiffs assert the 5/15/19 Order is "inconsistent with the actual language of this court's [PJY Summary Judgment Order]," see Motion at 2, only Local Rule 60.1(c), which permits reconsideration based on "[m]anifest error of law or fact," potentially applies to Plaintiffs' motion. Reconsideration under subsection (c) "must be filed and served not more than fourteen (14) days after the court's written order is filed." See Local Rule LR60.1. Nevertheless, Plaintiffs contend the motion can be considered under Fed. R.

6

Civ. P. 54(b),[4] and cite to case law from the Fourth Circuit for the proposition that this Court retains the discretion to revise an interlocutory order disposing of less than all of the claims in an action. See reply at 2-3 (citing Powell v. State Farm Fire & Cas. Co., 2018 WL 2268007 (4th Cir. May 16, 2018)). The Ninth Circuit has recognized that: "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of L.A., Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citations, emphasis, and quotation marks omitted).

This district court has previously considered the interplay between the discretionary "any time" language in Rule 54(b) and the fourteen-day deadline under Local Rule 60.1. See Liberty Mut. Ins. Co. v. Sumo-Nan LLC, CIVIL NO. 14-00520

---

[4] Rule 54(b) provides, in relevant part:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

DKW-KSC, 2015 WL 5209345, at *1 (D. Hawai`i Sept. 4, 2015).

This district court has stated:

> There is nothing in Fed. R. Civ. P. 54(b) that limits the District Court's authority to promulgate a rule like L.R. 60.1 that includes timeliness requirements. Federal Rule 54(b) permissively allows the court to review its interlocutory orders, such as those granting or denying partial dismissal or summary judgment, before final judgment is entered. . . . Federal Rule 54(b) does not dictate when that review must occur, nor does it purport to restrict district court discretion to manage reconsideration requests in the manner accomplished by L.R. 60.1.
>
> . . . [W]hile this Court does not, and has no reason to, quarrel with the general proposition that district courts have discretion to reconsider their interlocutory rulings before entry of final judgment, L.R. 60.1 exists for a reason, and that reason is not so that counsel may flout it whenever they choose.

Id. at *1; see also Yonemoto v. McDonald, Civil No. 11-00533 JMS/RLP, 2015 WL 1863033, at *6-7 (D. Hawai`i Apr. 22, 2015).

Local Rule 60.1 therefore governs the Motion for Reconsideration. Accordingly, Plaintiffs' motion should have been filed fourteen days after the 5/15/19 Order was issued, or by May 29, 2019. Because the Motion for Reconsideration was filed on June 12, 2019, fourteen days **after** the Local Rule 60.1 deadline, it is untimely.

Even if the motion had been timely filed, it does not establish a basis for the Court to reconsider the 5/15/19 Order. This Court has previously stated a motion for reconsideration

8

> "must accomplish two goals. First, a motion for
> reconsideration must demonstrate reasons why the
> court should reconsider its prior decision.
> Second, a motion for reconsideration must set
> forth facts or law of a strongly convincing
> nature to induce the court to reverse its prior
> decision." See Davis v. Abercrombie, Civil
> No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D.
> Hawaii June 2, 2014) (citation and internal
> quotation marks omitted) . . . . "Mere
> disagreement with a previous order is an
> insufficient basis for reconsideration." Davis,
> 2014 WL 2468348, at *3 n.4 (citations and
> internal quotation marks omitted).

Heu v. Waldorf=Astoria Mgmt. LLC, CIVIL 17-00365 LEK-RLP, 2018 WL 2011905, at *1 (D. Hawai`i Apr. 30, 2018) (alteration in Heu) (some citations omitted). "Furthermore, reconsideration may not be based on evidence and legal arguments that a movant could have presented at the time of the challenged decision." Wereb v. Maui Cty., 830 F. Supp. 2d 1026, 1031 (D. Hawai`i 2011) (some citations omitted) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted).

## II. **Plaintiffs' Arguments**

Plaintiffs have limited their arguments to the ruling in the 5/15/19 Order that they are barred from asserting or arguing the PDS terminals are not gambling devices, based on

9

issue preclusion.  They appear to argue the Court erred in making this determination because it was not specifically litigated in the PJY Lawsuit.  Plaintiffs contend the PJY Summary Judgment Order specifically focused on "the promotion, rather than whether the PDS terminals in and of themselves, were gambling devices," see reply at 4, and that it addressed whether "the PDS terminals [were] being USED for gambling, not that the PDS terminals, in and of themselves, were gambling devices," see id. at 5 (emphasis in original). Plaintiffs' assertions are not convincing, and fail to demonstrate a reason for this Court to reconsider its prior order.  Plaintiffs further contend the gambling devices issue was not properly raised in the City's Motion, and therefore, not fully briefed.  See id. at 6.

First, Plaintiffs' argument that the PDS terminals issue was not properly raised, is rejected.  The City presented this issue in its Separate Concise Statement of Facts in Support of its Motion for Summary Judgment, filed December 13, 2018:

> In the PJY Lawsuit, PJY Plaintiffs asserted that raids of PDS terminals on September 27, 2012, December 13, 2012, and February 14, 2013 were unlawful, that there was no probable cause to arrest PJY Plaintiffs, and that PDS machines did not constitute gambling machines.  These issues were terminated in favor of [the PJY] City Defendants and against PJY Plaintiffs.

[Dkt. no. 59 at ¶ 16.] The City also clearly presented its argument at Section III titled "Issue Preclusion Bars Claims Based on Lack of Probable Cause, Unlawful Raids, and PDS Machines As Gambling Devices." See mem. in supp. of Motion at 14. In the memorandum in support of its Motion, the City argued "[t]he issues of the propriety of the raids . . . , whether there was probable cause, whether the PDS machines constituted gambling machines, . . . are issues implicated in both the PJY Lawsuit and the present case." See id. at 15. There is no mistaking that the City sought summary judgment to preclude Plaintiffs from arguing that the PDS terminals were not gambling devices.

Second, Plaintiffs expressly stated the City's material fact at paragraph 16 was "[n]ot disputed." See Pltfs.' objection to the City's separate and concise statement of facts, filed 2/11/19 (dkt. no. 79), at ¶ 16. On a motion for summary judgment, unless the moving party's material fact is "controverted by a separate concise statement of the opposing party," it will be deemed admitted. See Local Rule LR56.1(g). Because Plaintiffs failed to object to the City's paragraph 16, they have admitted this material fact.

Third, the arguments Plaintiffs now raise, are "legal arguments that could have been presented at the time of the challenged decision." See Santiago v. Hawai`i, CIVIL NO. 16-

00583 DKW-KSC, 2018 WL 340027, at *1 (D. Hawai`i Jan. 9, 2018) (citation omitted). Plaintiffs could have argued that the PJY Summary Judgment Order did not bar their ability to allege or argue that the PDS terminals in this case are not gambling devices. Plaintiffs had an opportunity to assert this position in their opposition to the City's Motion, but did not. See generally Pltfs.' mem. in opp. to Motion, filed 2/11/19 (dkt. no. 77). Plaintiffs merely asserted that "[t]he City's reliance on claim and issue preclusion are misplaced," see id. at 2, but they neither argued nor pointed to any particular materials or evidence that would raise a genuine issue of material fact to defeat the City's Motion as to this issue. Plaintiffs also did not raise any argument at the March 1, 2019 hearing on the City's Motion as to whether issue preclusion barred them from alleging or arguing that the PDS terminals were gambling devices. See generally, Trans. of 3/1/19 hrg. on Motion, filed 4/1/19 (dkt. no. 111). Finally, Plaintiffs failed to seek leave to file supplemental briefing on the gambling devices issue, even though they requested and were granted leave to address other arguments in the City's Motion. See Pltfs.' motion for leave to file suppl. briefs, filed 3/6/19 (dkt. no. 97) ("3/6/19 Motion"); entering order granting 3/6/19 Motion, filed 3/20/19 (dkt. no. 109). Because this argument could have been raised in: 1) Plaintiffs' opposition materials; 2) at the hearing on

12

the City's Motion; or 3) through supplemental briefing, it cannot now serve as a basis for reconsideration.

Even if Plaintiffs were not foreclosed from arguing this position, the Ninth Circuit conclusively ruled on this issue when it affirmed the PJY Summary Judgment Order. See CV 12-00577, Memorandum, filed 3/9/17 (dkt. no. 208) ("Memorandum").[5] The Ninth Circuit stated:

> The district court properly granted summary judgment to the Honolulu Police Department, Keith M. Kaneshiro, Louis M. Kealoha and Aaron Young **on whether the Products Direct Sweepstakes (PDS) terminals that the Honolulu Police Department seized from the plaintiffs'[6] arcades constituted "gambling devices" within the meaning of Hawaii Revised Statute section 712-1220. . . .**

679 F. App'x at 622 (emphasis added). To the extent Plaintiffs argue this Court's decision in the PJY Summary Judgment Order was a nuanced decision addressing only whether the PDS terminals were used for gambling, and not a decision that the PDS terminals were gambling devices, their arguments are rejected. The Ninth Circuit's ruling is conclusive as to whether the

---

[5] The Memorandum is also available at 679 F. App'x 621.

[6] Although the Memorandum does not identify which plaintiffs in the PJY Lawsuit operated the arcades, the PJY Summary Judgment Order identified the following plaintiffs as arcade operators: Lucky G Enterprises, Inc.; S L & G Investments, LLC; WZ Waikiki Partners, LLC; WZ Wahiawa Partners, LLC; PMG Entertainments, LLC; Mike, Inc.; GS Entertainment, Inc.; and Aloha Arcade, Inc. See 2014 WL 12694456, at *1-2.

PDS terminals seized in the PJY Lawsuit were gambling devices, and directly contradicts Plaintiffs' arguments on reconsideration.

In sum, Plaintiffs have not presented any reasons why this Court should reconsider the 5/15/19 Order, and have not "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Heu, 2018 WL 2011905, at *1 (citation and quotation marks omitted). Plaintiffs appear to merely disagree with this Court's analysis, and the consequences of their admission of, and failure to raise any argument to, the portion of the City's Motion asserting that issue preclusion bars Plaintiffs from asserting the PDS terminals are not gambling devices. See id. For these reasons, the Motion for Reconsideration is denied.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Reconsideration of the Court's May 15, 2019 Order [Dkt 121] on the Sole Issue of Whether the PDS Machines Were Previously Adjudicated to Be Gambling Devices, filed June 12, 2019, is HEREBY DENIED.

IT IS SO ORDERED.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge